IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Combined Aircraft Ownership, LLC,<br><br>                              Plaintiff,<br><br>    vs.<br><br>Learjet, Inc.,<br> d/b/a Bombardier Aircraft Services,<br><br>                              Defendant. | **ORDER GRANTING<br>MOTION TO DISMISS**<br><br>Case No. 3:22-cv-202 |

Defendant Learjet, Inc., d/b/a Bombardier Aircraft Services' ("BAS") moves to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Doc. No. 11. Plaintiff Combined Aircraft Ownership, LLC ("CAO") opposes the motion. Doc. No. 21. For the reasons set forth below, the motion is granted.

## I.    BACKGROUND

The factual background, accepted as true for the purposes of this motion, is taken from the complaint. See Doc. No. 1. This case involves a dispute over an airplane, its maintenance, parts availability, and service, and the commercial disagreements between CAO and BAS as to providing parts and services. CAO is a North Dakota limited liability company with its principal place of business in Fargo, North Dakota. Id. at 3. It owns a Global Express fixed-wing multiengine aircraft (the "airplane") that was manufactured by BAS. Id. BAS is a Kansas corporation authorized to do business in North Dakota. Id. BAS maintains aircraft maintenance and service operations at the Fargo Jet Center in Fargo, North Dakota. Id.

The parties have a history of litigation surrounding the airplane at issue. In 2020, after purchasing the airplane, CAO and BAS executed several proposals and contracted for BAS to

provide maintenance and refurbishment services in exchange for payment from CAO. Id. at 4-5. Following BAS's completion of the work, a dispute arose over payment. Id. Because of the payment issues, BAS refused to return the airplane to CAO, and litigation began in the United States District Court for the District of Arizona. Id.; see also Combined Aircraft Ownership, LLC, v. Learjet Inc. d/b/a/ Bombardier Aircraft Services, No. 4:20-cv-00330 (the "Arizona Action"). Eventually, the Arizona Action settled, and the airplane was returned to CAO. Doc. No. 1 at 5.

According to CAO, after resolution of the Arizona Action, the airplane needed additional service and certain parts needed to be replaced to maintain the airplane's certification with the Federal Aviation Administration ("FAA"). As alleged, because BAS was the original manufacturer of the airplane, it effectively holds a monopoly on the parts as well, as even third-party suppliers typically go back to the manufacturer for those parts. Id. at 6-11. So, according to CAO, when it began its attempts to perform the latest maintenance and service on the airplane to update and replace certain parts through third-party suppliers, BAS flatly refused to sell any parts to any company that does business with CAO. Id. at 12. In turn, CAO filed this action.

CAO originally pleaded five claims against BAS: (1) breach of contract; (2) breach of warranty; (3) promissory/equitable estoppel; (4) consumer fraud; and (5) tortious interference with business relationships. Doc. No. 1. After BAS filed its motion to dismiss, CAO noted in its response that it would not pursue the breach of contract and breach of warranty claims. Doc. No. 21 at 2. So, the remaining claims against BAS are promissory/equitable estoppel, consumer fraud, and tortious inference with business relationships.

**II.     LAW AND ANALYSIS**

BAS moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), asserting that the complaint fails to state a claim upon which relief may be granted.[1] CAO argues it has alleged plausible claims for relief against BAS.

**A.     Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 8(a) requires a pleading only to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." But a complaint may be dismissed for "failure to state a claim upon which relief can be granted," and a party may raise that defense by motion. Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court accepts as true the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." Id. at 570.

**B.     Promissory/Equitable Estoppel**

With the breach of contract and breach of warranty claims dismissed, the first claim against BAS is promissory/equitable estoppel. BAS argues CAO has not pleaded its claim for promissory/equitable estoppel with the required particularity and that the allegations contained in the complaint do not satisfy the necessary elements. CAO asserts that it has.

---

[1] BAS also suggests venue is improper. While Doc. No.13-6 indicates that disputes related to the settlement agreement may only be brought in Arizona, the current dispute (at least as alleged in the complaint) appears to post-date the settlement agreement. There does not appear to be a substantive argument that venue is inappropriate under 28 U.S.C. § 1391.

Promissory estoppel requires a plaintiff to show: "1) a promise which the promisor should reasonably expect will cause the promisee to change his position; 2) a substantial change of the promisee's position through action, or forbearance; 3) justifiable reliance on the promise; and 4) injustice which can only be avoided by enforcing the promise." Thimjon Farms P'ship v. First Int'l Bank & Tr., 2013 ND 160, ¶ 17 (N.D. 2013). Here, it is entirely unclear how CAO changed its position through action or forbearance based on the alleged promise of BAS. The complaint also fails to allege how CAO justifiably relied on the promise of BAS. CAO is required to plead sufficient factual allegations to plausibly allege its promissory estoppel claim. It has not done so here, and the claim must be dismissed.

Beyond that, the estoppel claim, as alleged, appears to sound in fraud. On this claim, CAO alleges:

> 56.   Based upon its prior course of conduct, BAS intentionally and deliberately led CAO to believe that BAS would at all times furnish CAO with the essential replacement parts and services necessary for the repair and maintenance of the Aircraft to ensure that it at all times remains airworthy.
>
> 57.   Through its conduct and statements, BAS falsely represented that it would at all times furnish CAO with the essential replacement parts and services necessary for the repair and maintenance of the Aircraft.

Doc. No. 1 at 9. These are allegations of false or misleading statements, or conduct, and sound in fraud under North Dakota law.[2]

Because this claim sounds in fraud, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies. See Olin, 910 F.3d 1072, 1076 (8th Cir. 2018). Rule 9(b) requires a plaintiff to plead "such matters as the time, place and contents of false representations, as well as

---

[2] Given the allegations in the complaint, this appears to be a claim of promissory estoppel, however, even if viewed through the lens of equitable estoppel (as encouraged by CAO in response to this motion), some form of affirmative deception is required, which triggers Rule 9(b). See Dalan v. Paracelsus Healthcare Corp. of N. Dakota, 2002 ND 46, ¶ 19, 640 N.W.2d 726, 732.

the identity of the person making the misrepresentation and what was obtained or given up thereby." H & Q Props., Inc. v. Doll, 793 F.3d 852, 856 (8th Cir. 2015) (citation omitted). To do so, a plaintiff must identify the "who, what, where, when, and how" of the alleged fraudulent or deceptive conduct. Freitas v. Wells Fargo Home Mortg., Inc., 703 F.3d 436, 439 (8th Cir. 2013). But CAO's complaint is silent as to the who made the purported promises, what was said, as well as when and where the communication(s) occurred. As a result, the allegations in the complaint do not satisfy Rule 9(b). CAO has not plausibly alleged its promissory/equitable estoppel claim, and the claim is dismissed.

### C. Consumer Fraud

CAO's next claim against BAS is for consumer fraud in violation of North Dakota Century Code section 51-15-02. BAS argues this fraud claim was not alleged with the required particularity.

By statute, a North Dakota consumer fraud claim is:

> The act, use, or employment by any person of any deceptive act or practice, fraud, false pretense, false promise, or misrepresentation, with the intent that others rely thereon in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived, or damaged thereby, is declared to be an unlawful practice[.]

N.D. Cent. Code § 51-15-02. Here, CAO alleges, "BAS knowingly falsely promised CAO that BAS would at all times furnish CAO with the essential replacement parts and services necessary for the repair and maintenance of the Aircraft to ensure that it at all times remains airworthy, and it intended that CAO rely upon its promises." Doc. No. 1 at 11. While this accusation does include a statement attributed to BAS, the claim again fails for lack of particularity under Federal Rule of Civil Procedure 9(b). Again, the complaint is silent as to who made the statement, as well as when, and where this alleged statement occurred, and as a result, the claim fails to satisfy Rule 9(b).

Without the required facts supporting Rule 9(b)'s particularity requirement, the consumer fraud claim must be dismissed.

### D. Tortious Interference with Business Relationships

CAO's final claim against BAS is for tortious interference with business relationships. BAS asserts CAO has not pleaded the necessary elements to establish a claim for tortious interference with business relationships under North Dakota law. CAO argues it has.

To state a claim for tortious interference with business relationships under North Dakota law, a plaintiff must allege: (1) the existence of a valid business relationship or expectancy; (2) knowledge by the interferer of the relationship or expectancy; (3) an independently tortious or otherwise unlawful act of interference by the interferer; (4) proof that the interference caused the harm sustained; and (5) actual damages to the party whose relationship or expectancy was disrupted. Mr. G's Turtle Mountain Lodge, Inc. v. Roland Twp., 2002 ND 140, ¶ 24, 651 N.W.2d 625, 632.

Importantly, the third element requires CAO to allege "an independently tortious or otherwise unlawful act of interference by the interferer." N. Bottling Co. v. Henry's Foods, Inc., 474 F. Supp. 3d 1016, 1020 (D.N.D. 2020) (cleaned up). The complaint alleges, "BAS has deliberately interfered with the business relationships between CAO and the third-party suppliers by refusing to sell essential replacement parts to any company doing business with CAO." Doc. No. 1 at 12. But the complaint does not contain any factual allegations that BAS's actions are independently tortious or unlawful (beyond saying so in conclusory fashion). Because CAO has not alleged any unlawful or independently tortious act by BAS, it has not alleged an essential element of its claim. Accordingly, BAS has failed to state a claim for tortious interference with business relationships, and the claim must be dismissed.

### E. Dismissal Standard

The parties dispute whether the dismissal should be with or without prejudice. A district court, in its discretion, may dismiss a pleading for failure to state a claim with or without prejudice. See Orr v. Clements, 688 F.3d 463, 465 (8th Cir. 2012). BAS makes several non-frivolous arguments that the complaint should be dismissed with prejudice. And the Court shares many of these concerns. That said, because the deficiencies could be cured with sufficient factual allegations, dismissal without prejudice is more appropriate here.

### III. CONCLUSION

For the reasons set forth above, BAS's motion to dismiss (Doc. No. 11) is **GRANTED** without prejudice. Considering the comprehensive briefing on the motions, the motion for hearing (Doc. No. 10) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 21st day of June, 2023.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court